Mark E. Ellis - 127159
Lawrence K. Iglesias - 303700
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA  95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
liglesias@ellislawgrp.com

Attorneys for Defendant DIGITAL MEDIA SOLUTIONS, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL HANSEN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CPL ASSETS, LLC d/b/a CORE DIGITAL MEDIA; LMB MORTGAGE SERVICES, INC., d/b/a LOWERMYBILLS.COM; AND DIGITAL MEDIA SOLUTIONS, LLC, d/b/a DCMG;<br><br>Defendant. | Case No.:  2:19-CV-00179-KJM-DMC<br><br>**DEFENDANT DIGITIAL MEDIA SOLUTIONS, LLC'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT; AND DEMAND FOR JURY TRIAL** |

Defendant DIGITAL MEDIA SOLUTIONS, LLC, (hereinafter "Defendant") hereby responds to Plaintiff's Complaint as follows:

1. As to paragraph 1, Defendant is not called to respond to Plaintiff's description of this action.

2. As to paragraph 2, Defendant admits that the Court has original jurisdiction over TCPA actions, but lacks sufficient facts or knowledge to admit or deny whether the Court has jurisdiction over this action because of the Arbitration agreement between Plaintiff and Defendant Lowermybills.com which states that "any arbitration, legal action or proceeding arising out of or related to this agreement must be commenced and take place in the County of Los Angeles, State of California."

DEFENDANT DIGITIAL MEDIA SOLUTIONS, LLC'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT; AND DEMAND FOR JURY TRIAL

3. As to paragraph 3, Defendant lacks sufficient facts or knowledge to admit or deny whether the venue is proper because of the Arbitration agreement between Plaintiff and Defendant Lowermybills.com which states that "any arbitration, legal action or proceeding arising out of or related to this agreement must be commenced and take place in the County of Los Angeles, State of California."

4. As to paragraph 4, Defendant admits that Plaintiff is a person, but lacks sufficient facts or knowledge to admit or deny whether Plaintiff resides in Janesville, California.

5. As to paragraph 5, Defendant lacks sufficient facts or knowledge to admit or deny this allegation.

6. As to paragraph 6, Defendant lacks sufficient facts or knowledge to admit or deny this allegation.

7. As to paragraph 7, Defendant admits that it is a person as defined by 47 U.S.C. § 153(39).

8. As to paragraph 8, Defendant is not called to respond to Plaintiff's interpretation of the law.

9. As to paragraph 9, Defendant is not called to respond to Plaintiff's interpretation of the law.

10. As to paragraph 10, Defendant is not called to respond to this paragraph.

11. As to paragraph 11, Defendant is not called to respond to this paragraph.

12. As to paragraph 12, Defendant is not called to respond to this paragraph.

13. As to paragraph 13, Defendant is not called to respond to this paragraph, but to the extent that this paragraph implies that any text message sent by Defendant to Plaintiff was unsolicited, Defendant denies this allegation.

14. As to paragraph 14, Defendant lacks sufficient facts or knowledge to admit or deny this allegation.

15. As to paragraph 15, Defendant lacks sufficient facts or knowledge to admit or deny this allegation.

16. As to paragraph 16, Defendant denies that that the SMS message depicted in this paragraph was sent without Plaintiff's prior express written consent.

17. As to paragraph 17, Defendant admits that the source of the SMS message depicted in paragraph 16 was from the short-code telephone number 60107, but lacks sufficient facts or knowledge to admit or deny exactly who owns the 60107 number.

18. As to paragraph 18, Defendant lacks sufficient facts or knowledge to admit or deny this allegation.

19. As to paragraph 19, Defendant lacks sufficient facts or knowledge to admit or deny this allegation.

20. As to paragraph 20, Defendant lacks sufficient facts or knowledge to admit or deny this allegation.

21. As to paragraph 21, Defendant lacks sufficient facts or knowledge to admit or deny this allegation.

22. As to paragraph 22, Defendant lacks sufficient facts or knowledge to admit or deny this allegation.

23. As to paragraph 23, Defendant denies this allegation.

24. As to paragraph 24, Defendant denies this allegation.

25. As to paragraph 25, Defendant denies this allegation.

26. As to paragraph 26, Defendant denies that the SMS message in dispute was unsolicited.

27. As to paragraph 27, Defendant denies that it used an "automatic telephone dialing system" within the meaning of the TCPA and denies that the SMS message in dispute was created and sent without human intervention.

28. As to paragraph 28, Defendant lacks sufficient facts or knowledge to admit or deny this allegation.

29. As to paragraph 29, Defendant denies this allegation.

30. As to paragraph 30, Defendant denies this allegation.

31. As to paragraph 31, Defendant denies that class action is appropriate for this litigation. Further, Defendant denies that Plaintiff may bring a class action because the arbitration provision in the Terms of Service contract between Plaintiff and Defendant Lowermybills.com states, "neither you nor LMB shall be entitled to join or consolidate claims in arbitration by or against other consumers or arbitrate any claim as a representative or member of a class or in a private attorney general capacity." Furthermore, Plaintiff's proposed class definition is an improper fail-safe class.

32. As to paragraph 32, Defendant denies that class action is appropriate for this litigation. Further, Defendant denies that Plaintiff may bring a class action because the arbitration provision in the Terms of Service contract between Plaintiff and Defendant Lowermybills.com states, "neither you nor LMB shall be entitled to join or consolidate claims in arbitration by or against other consumers or arbitrate any claim as a representative or member of a class or in a private attorney general capacity."

33. As to paragraph 33, Defendant denies that class action is appropriate for this litigation. Further, Defendant denies that Plaintiff may bring a class action because the arbitration provision in the Terms of Service contract between Plaintiff and Defendant Lowermybills.com states, "neither you nor LMB shall be entitled to join or consolidate claims in arbitration by or against other consumers or arbitrate any claim as a representative or member of a class or in a private attorney general capacity."

34. As to paragraph 34, Defendant denies that class action is appropriate for this litigation. Further, Defendant denies that Plaintiff may bring a class action because the arbitration provision in the Terms of Service contract between Plaintiff and Defendant Lowermybills.com states, "neither you nor LMB shall be entitled to join or consolidate claims in arbitration by or against other consumers or arbitrate any claim as a representative or member of a class or in a private attorney general capacity."

35. As to paragraph 35, Defendant denies that class action is appropriate for this litigation. Further, Defendant denies that Plaintiff may bring a class action because the arbitration provision in the Terms of Service contract between Plaintiff and Defendant Lowermybills.com states, "neither you nor LMB shall be entitled to join or consolidate claims in arbitration by or against other consumers or arbitrate any claim as a representative or member of a class or in a private attorney general capacity."

36. As to paragraph 36, Defendant denies that class action is appropriate for this litigation. Further, Defendant denies that Plaintiff may bring a class action because the arbitration provision in the Terms of Service contract between Plaintiff and Defendant Lowermybills.com states, "neither you nor LMB shall be entitled to join or consolidate claims in arbitration by or against other consumers or arbitrate any claim as a representative or member of a class or in a private attorney general capacity."

37. As to paragraph 37, Defendant denies that class action is appropriate for this litigation. Further, Defendant denies that Plaintiff may bring a class action because the arbitration provision in the Terms of Service contract between Plaintiff and Defendant Lowermybills.com states, "neither you nor LMB shall be entitled to join or consolidate claims in arbitration by or against other consumers or arbitrate any claim as a representative or member of a class or in a private attorney general capacity."

38. As to paragraph 38, Defendant denies that class action is appropriate for this litigation. Further, Defendant denies that Plaintiff may bring a class action because the arbitration provision in the Terms of Service contract between Plaintiff and Defendant Lowermybills.com states, "neither you nor LMB shall be entitled to join or consolidate claims in arbitration by or against other consumers or arbitrate any claim as a representative or member of a class or in a private attorney general capacity."

39. As to paragraph 39, Defendant denies that class action is appropriate for this litigation. Further, Defendant denies that Plaintiff may bring a class action because the arbitration provision in the Terms of Service contract between Plaintiff and Defendant Lowermybills.com states, "neither you nor LMB shall be entitled to join or consolidate claims in arbitration by or against other consumers or arbitrate any claim as a representative or member of a class or in a private attorney general capacity."

40. As to paragraph 40, Defendant denies that class action is appropriate for this litigation. Further, Defendant denies that Plaintiff may bring a class action because the arbitration provision in the Terms of Service contract between Plaintiff and Defendant Lowermybills.com states, "neither you nor LMB shall be entitled to join or consolidate claims in arbitration by or against other consumers or arbitrate any claim as a representative or member of a class or in a private attorney general capacity."

41. As to paragraph 41, Defendant denies that class action is appropriate for this litigation. Further, Defendant denies that Plaintiff may bring a class action because the arbitration provision in

the Terms of Service contract between Plaintiff and Defendant Lowermybills.com states, "neither you nor LMB shall be entitled to join or consolidate claims in arbitration by or against other consumers or arbitrate any claim as a representative or member of a class or in a private attorney general capacity."

42. As to paragraph 42, Defendant denies that class action is appropriate for this litigation. Further, Defendant denies that Plaintiff may bring a class action because the arbitration provision in the Terms of Service contract between Plaintiff and Defendant Lowermybills.com states, "neither you nor LMB shall be entitled to join or consolidate claims in arbitration by or against other consumers or arbitrate any claim as a representative or member of a class or in a private attorney general capacity."

43. As to paragraph 43, Defendant denies that class action is appropriate for this litigation. Further, Defendant denies that Plaintiff may bring a class action because the arbitration provision in the Terms of Service contract between Plaintiff and Defendant Lowermybills.com states, "neither you nor LMB shall be entitled to join or consolidate claims in arbitration by or against other consumers or arbitrate any claim as a representative or member of a class or in a private attorney general capacity."

44. As to paragraph 44, Defendant denies that class action is appropriate for this litigation. Further, Defendant denies that Plaintiff may bring a class action because the arbitration provision in the Terms of Service contract between Plaintiff and Defendant Lowermybills.com states, "neither you nor LMB shall be entitled to join or consolidate claims in arbitration by or against other consumers or arbitrate any claim as a representative or member of a class or in a private attorney general capacity."

45. As to paragraph 45, Defendant denies that class action is appropriate for this litigation. Further, Defendant denies that Plaintiff may bring a class action because the arbitration provision in the Terms of Service contract between Plaintiff and Defendant Lowermybills.com states, "neither you nor LMB shall be entitled to join or consolidate claims in arbitration by or against other consumers or arbitrate any claim as a representative or member of a class or in a private attorney general capacity."

46. As to paragraph 46, Defendant is not called to respond to this paragraph.

47. As to paragraph 47, Defendant denies this allegation.

48. As to paragraph 48, Defendant denies this allegation.

DEFENDANT DIGITIAL MEDIA SOLUTIONS, LLC'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT; AND DEMAND FOR JURY TRIAL

49. As to paragraph 49, Defendant denies that class action is appropriate for this litigation. Further, Defendant denies that Plaintiff may bring a class action because the arbitration provision in the Terms of Service contract between Plaintiff and Defendant Lowermybills.com states, "neither you nor LMB shall be entitled to join or consolidate claims in arbitration by or against other consumers or arbitrate any claim as a representative or member of a class or in a private attorney general capacity." Defendant denies that Plaintiff or any member of the purported class is entitled to any relief.

50. As to paragraph 50, Defendant denies that class action is appropriate for this litigation. Further, Defendant denies that Plaintiff may bring a class action because the arbitration provision in the Terms of Service contract between Plaintiff and Defendant Lowermybills.com states, "neither you nor LMB shall be entitled to join or consolidate claims in arbitration by or against other consumers or arbitrate any claim as a representative or member of a class or in a private attorney general capacity." Defendant denies that Plaintiff or any member of the purported class is entitled to any relief, especially not attorneys' fees which are not recoverable under the TCPA.

Pursuant to Federal Rule of Civil Procedure 8(c), Defendant sets forth the following matters constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action as to the answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

If Defendant placed any applicable calls or text messages, it did so with Plaintiff's prior express written consent. *See, e.g., Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1044-1045 (9th Cir. 2017).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is required to arbitrate his claims pursuant to the Terms of Use of Defendant Lowermybills.com's privacy policy and user agreement, which Plaintiff voluntarily entered with

Defendant Lowermybills.com. The applicable Terms of Use includes an arbitration provision which states: "YOU UNDERSTAND AND AGREE THAT ALL CLAIMS, DISPUTES OR CONTROVERSIES BETWEEN YOU AND LMB, AND ITS PARENTS, AFFILIATES, SUBSIDIARIES, OR RELATED COMPANIES, INCLUDING BUT NOT LIMITED TO TORT AND CONTRACT CLAIMS, CLAIMS BASED UPON ANY FEDERAL, STATE, OR LOCAL STATUTE, LAW, ORDER, ORDINANCE OR REGULATION, AND THE ISSUE OF ARBITRABILITY, SHALL BE RESOLVED BY FINAL AND BINDING ARBITRATION AT A LOCATION DETERMINED BY THE ARBITRATOR. ANY CONTROVERSY CONCERNING WHETHER A DISPUTE IS ARBITRABLE SHALL BE DETERMINED BY THE ARBITRATOR AND NOT BY THE COURT. JUDGMENT UPON ANY AWARD RENDERED BY THE ARBITRATOR MAY BE ENTERED BY ANY STATE OR FEDERAL COURT HAVING JURISDICTION THEREOF. THIS ARBITRATION CONTRACT IS MADE PURSUANT TO A TRANSACTION IN INTERSTATE COMMCERCE AND ITS INTERPRETATION, APPLICATION, ENFORCEMENT AND PROCEEDINGS HEREUNDER SHALL BE GOVERNED BY THE FEDERAL ARBITRATION ACT ("FAA"). NEITHER YOU NOR LMB SHALL BE ENTITLED TO JOIN OR CONSOLIDATE CLAIMS IN ARBITRATION BY OR AGAINST OTHER CONSUMERS OR ARBITRATE ANY CLAIM AS A REPRESENTATIVE OR MEMBER OF A CLASS OR IN A PRIVATE ATTORNEY GENERAL CAPACITY. THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT TO A JURY TRIAL. [¶] THE PARTIES AGREE THAT THIS AGREEMENT HAS BEEN ENTERED INTO AT LMB'S PLACE OF BUSINESS IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND ANY ARBITRATION, LEGAL ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT MUST BE COMMENCED AND TAKE PLACE IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA."

### FIFTH AFFIRMATIVE DEFENSE

The personalized SMS messages in dispute were created and sent as a direct result of "human intervention" within the meaning of the TCPA. *See, e.g., Duguid v. Facebook, Inc.*, 2016 WL 1169365, at *5 (N.D. Cal. Mar. 24, 2016); *Gragg v. Orange Cab Co., Inc.*, 2013 WL 195466, at *3 n.

- 8 -

3 (W.D. Wa. Jan. 17, 2013); *Luna v. Shac, LLC,* 122 F.Supp.3d 936, 940 (N.D. Cal. 2015); *Herrick v. GoDaddy.com LLC*, 312 F.Supp.3d 792, 801 (D. Ariz. 2018) (quoting *ACA v. FCC*, 885 F.3d 687, 703 (D.C. Cir. 2018)).

### SIXTH AFFIRMATIVE DEFENSE

Any purported violation of the TCPA was not made "knowingly or willfully" within the meaning of the TCPA. 47 U.S.C. § 227(b)(3).

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred because Plaintiff lacks prudential standing, and/or Article III standing.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant presently has insufficient knowledge of information on which to form a belief as to whether Defendant may have additional, as yet unstated, defenses available.  Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

**WHEREFORE**, Defendant prays for:

1. That Plaintiffs take nothing from this answering Defendant by this Complaint;
2. That Defendant be awarded judgment in this action;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court deems proper.

Dated: March 22, 2019

ELLIS LAW GROUP LLP

By  */s/ Mark E. Ellis*
Mark E. Ellis
Attorney for Defendant DIGITAL MEDIA SOLUTIONS, LLC

- 9 -

DEFENDANT DIGITIAL MEDIA SOLUTIONS, LLC'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT; AND DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

Defendant Digitial Media Solutions, LLC hereby demands a jury trial in this matter.

Dated: March 22, 2019

                        ELLIS LAW GROUP LLP

                        By  */s/ Mark E. Ellis*
                             Mark E. Ellis
                             Attorney for Defendant DIGITAL MEDIA
                             SOLUTIONS, LLC

DEFENDANT DIGITIAL MEDIA SOLUTIONS, LLC'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT; AND DEMAND FOR JURY TRIAL

**CERTIFICATE OF SERVICE**

I, Crystal Strong, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in this case, entitled **HANSEN v. CPL ASSETS, LLC dba CORE DIGITAL MEDIA**. My business address is 1425 River Park Drive, Suite 400, Sacramento, CA 95815.

On March 22, 2019, I served the following document(s) on the parties in the within action:

**DEFENDANT DIGITAL MEDIA SOLUTIONS, LLC'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT; AND DEMAND FOR JURY TRIAL**

| | |
|---|---|
| **X** | **VIA ECF/PACER SERVICE**: I hereby certify that on this date, I electronically filed the foregoing documents with the Clerk of the Court for the Court in which this matter is venued by using the Court's CM/ECF system. The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, to the email address registered with the Court, as stipulated by all parties to constitute personal service to the following: |

| | |
|---|---|
| David W. Hall<br>Hedin Hall LLP<br>Four Embarcadero Center, Suite 1400<br>San Francisco, CA 94104 | Attorneys for Plaintiff BILL HANSEN |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is a true and correct statement and that this Certificate was executed on March 22, 2019.

By. _____
    Crystal Strong