1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT
9            EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| BILL HANSEN, | No. 2:19-cv-00179-KJM-DMC |
| Plaintiff, | |
| v. | ORDER |
| ROCK HOLDINGS, INC., et al., | |
| Defendants. | |

In this suit brought under the Telephone Consumer Protection Act (TCPA), defendants move to stay the case pending resolution of their interlocutory appeal. Meanwhile, plaintiff moves to compel two of the three defendants to file answers to his complaint. For the foregoing reasons, the court GRANTS defendants CPL and LMB's motion to stay, GRANTS defendant Digital Media's motion to stay, and DENIES plaintiff's motion to compel.

I.    BACKGROUND

Plaintiff Bill Hansen filed this suit on behalf of himself and all those similarly situated, alleging defendants violated the TCPA by sending text messages advertising mortgage refinancing services without the recipients' consent. First Am. Compl. ("FAC"), ECF No. 13, ¶¶ 46–50 (citing 47 U.S.C. § 227 (TCPA)). Specifically, plaintiff alleges defendants sent a text message to his cellphone number stating:

1

> willena – Regarding your monthly payment for your Roseville home.
> Come back and see your potential savings in 2 minutes.
> ** http://dcmg.com/adgTdKbj**
> LMB Reply STOP to stop.

*Id.* ¶ 16.

Defendants LMB Mortgage Services, Inc., d/b/a LowerMyBills.Com ("LMB"), and CPL Assets, LLC, d/b/a Core Digital Media Solutions ("CPL"), filed a motion to compel arbitration of plaintiff's claims and stay the case pending arbitration. ECF No. 23. Defendant Digital Media Solutions, LLC, d/b/a DCMG ("Digital Media"), joined the motion to compel. ECF No. 26. Defendants argued plaintiff should be compelled to arbitrate his TCPA claim, because he agreed to LMB's Terms of Use, which include an arbitration clause, when he clicked the button "Click to See Your Free Results!" on LMB's website (the "submit button"). Mot. to Compel Arbitration, ECF No. 23-1, at 9–10. In so doing, defendants argued, plaintiff also consented to the offending text message from which his claims arise, because right above the button the following statement appeared:

> By clicking the button, you agree to the Terms of Use and Privacy Policy to be matched with up to 5 participants in the LMB Partner Network and consent (not required as a condition to purchase a good/service) for us and/or them to contact you (including through automated or prerecorded means) via telephone, mobile device (including SMS and MMS), and/or e-mail about lending information . . . .

*Id.* at 8. Defendants also argued that, if plaintiff did not click the submit button, plaintiffs' mother, Willena Hansen, must have done so, and her consent would have bound plaintiff to arbitration through, among other things, the law of agency. *Id.* at 11 n.1; Reply, ECF No. 33, at 13.

On January 21, 2020, the court denied defendants' motion to compel arbitration because there is a genuine factual dispute over whether plaintiff ever clicked the submit button and defendants did not show plaintiff's mother's consent to the Terms of Use would have legally bound plaintiff to arbitrate. Order on Mot. to Compel, ECF No. 40.

/////

On February 18, 2020, two of the three defendants, CPS and LMB, appealed the court's order denying defendants' motion to compel.  ECF No. 43.  That appeal is still pending.  *See Bill Hansen v. LMB Mortgage Services, Inc., et al.*, No. 20-15272.

On February 26, 2020, plaintiff filed a motion to compel CPS and LMB to file an answer to its complaint, which they have not yet done.  Mot. to Compel Answer, ECF No. 53.  CPS and LMB have opposed, Opp'n to Mot. to Compel, ECF No. 63, and plaintiff filed a reply, Reply to Mot. to Compel, ECF No. 69.

The same day, CPS and LMB also filed a motion to stay the case pending the resolution of their appeal, Mot. to Stay, ECF No. 54, and Digital Media joined the motion, ECF No. 61.  Plaintiff opposed, Opp'n to Mot. to Stay, ECF No. 64, defendants CPL and LMB filed a joint reply, Reply to Mot. to Stay, ECF No. 68, and defendant Digital Media also filed a reply, ECF No. 67.

The court submitted the motions without hearing and resolves them here.

II. JURISDICTION

As a threshold question, the court addresses defendants' assertion that the court no longer has jurisdiction over the case given their appeal.  Specifically, defendants argue that one of the issues on appeal—whether plaintiff, or plaintiff's mother on behalf of plaintiff, consented to the Terms of Use—overlaps with a central question of the case: whether plaintiff consented to the text message at issue.  *See* Opp'n to Mot. to Compel at 3.  "Absent a stay, an appeal seeking review of collateral orders does not deprive the trial court of jurisdiction over other proceedings in the case, and an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal."  *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990) (citing Manual for Complex Litigation §§ 25.11, 25.16 (2d ed.)).  The two motions currently before the court, a motion to stay proceedings and a motion to compel, do not involve "matters that are the subject of the appeal," and therefore the court maintains jurisdiction to decide them.

/////

/////

III.     MOTION TO STAY

Defendants move for a stay on two grounds: (1) a stay is warranted pending the Supreme Court's resolution of *Barr v. American Ass'n of Political Consultants, Inc.*, No. 19-631 (U.S.), and (2) a stay is warranted pending the Ninth Circuit's resolution of this court's order denying defendants' motion to compel. On July 6, 2020, the Supreme Court issued a decision in *Political Consultants*. No. 19-631, 2020 WL 3633780, at *1 (July 6, 2020). Accordingly, defendants' motion for a stay on that ground is DENIED as MOOT. The court addresses defendants' motion for a stay pending their Ninth Circuit appeal below.

A.     Legal Standard

"A district court's order denying a motion to compel arbitration does not effectuate an automatic stay of proceedings pending appeal." *Zaborowski v. MHN Gov't Servs., Inc.*, No. C 12-05109 SI, 2013 WL 1832638, at *1 (N.D. Cal. May 1, 2013) (quoting *Britton*, 916 F.2d at 1412). "The system created by the Federal Arbitration Act ('FAA') allows a district court to evaluate the merits of the moving party's claim, and to grant or deny a stay as a matter of discretion, dependent on the case's particular facts." *Id.* (citing *Britton*, 916 F.2d at 1412). The party requesting the stay "bears the burden of showing that the case's circumstances justify favorable exercise of that discretion." *Id.* (citing *Nken v. Holder*, 556 U.S. 418, 433–34 (2009)).

In exercising that discretion, courts generally consider four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken*, 556 U.S. at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

"In weighing these factors, courts apply a 'sliding scale,' whereby the elements of the test are balanced 'so that a stronger showing of one element may offset a weaker showing of another.'" *Zaborowski*, 2013 WL 1832638, at *2 (quoting *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011)). In particular, a moving party who cannot satisfy a strong likelihood of success, "must at minimum show that its appeal presents 'a substantial case on the merits,'" also described as whether "serious legal issues" are raised. *Id.* (quoting, respectively, *Leiva-Perez*,

4

640 F.3d at 965; *Abbassi v. INS*, 143 F.3d 513, 514 (9th Cir. 1998)). A party meeting this lower threshold "must then demonstrate that the balance of hardships under the second and third factors tilts sharply in its favor." *Id.* (citation omitted).

  B.  Discussion

    1.  Success on the Merits

Success on the merits and "whether the applicant will be irreparably injured absent a stay" are the "most critical" factors. *Nken*, 556 U.S. at 434.

As explained in defendants' mediation questionnaire filed with the Ninth Circuit, "[t]he main issue on appeal is whether Plaintiff Hansen is bound—as a matter of agency law, as a third party beneficiary, or under the doctrine of equitable estoppel—by the arbitration clause that is included in the Terms of Use on LMB's website." Mediation Questionnaire, *Bill Hansen v. LMB Mortgage Services, Inc., et al.*, No. 20-15272 (Feb. 27, 2020), ECF No. 5. Nearly all of the arguments CPL and LMB (hereinafter "defendants") make in their appeal to this effect are the same as those raised in their motion to compel arbitration, and the court finds them unavailing for the same reasons articulated in its order denying the motion. *See* Order on Mot. to Compel.

However, the facts of this case are unusual, given the possibility that plaintiff's mother agreed to the Terms of Use after inputting plaintiff's information on defendants' website. Stranger still, it is possible she did so with the intent of refinancing the mortgage on a home she and plaintiff owned jointly. *See generally id.* The court does not find defendants are likely to succeed on any of the arguments raised on appeal given the factual disputes and difficulty of showing a non-signatory to a contract is bound to arbitrate. *See, e.g., Nguyen v. Tran*, 157 Cal. App. 4th 1032, 1036 (2007) ("Even the strong public policy in favor of arbitration does not extend to those who are not parties to an arbitration agreement or who have not authorized anyone to act for them in executing such an agreement."). However, because this case requires the application of state contract law to an apparently novel set of circumstances, defendants' appeal raises "serious legal questions" regarding whether plaintiff is bound to arbitrate.

/////

/////

5

2. <u>Likelihood of Irreparable Injury</u>

Primarily, defendants allege they will suffer irreparable injury absent a stay in the form of unnecessary costs of litigation. Mot. to Stay at 13–14. The costs of pretrial litigation may amount to irreparable harm in some situations, *Pena v. Taylor Farms Pac., Inc.*, No. 2:13-CV-01282-KJM-AC, 2015 WL 5103157, at *4 (E.D. Cal. Aug. 31, 2015), such as when the appeal determines whether the case will go to arbitration, *see Murphy v. DirecTV, Inc.*, No. 2:07-CV-06465-FMC, 2008 WL 8608808, at *3 (C.D. Cal. July 1, 2008); *Echevarria v. Aerotek, Inc.*, No. 16-CV-04041-BLF, 2019 WL 3207812, at *3 (N.D. Cal. July 16, 2019). As the Ninth Circuit recognized in *Alascom, Inc. v. ITT North Electric Co.*, "[i]f [a] party must undergo the expense and delay of a trial before being able to appeal, the advantages of arbitration—speed and economy—are lost forever." 727 F.2d 1419, 1422 (9th Cir. 1984). "Other district courts have followed this reasoning to conclude that 'costs of litigation in the face of a denied motion to compel arbitration will generally constitute irreparable harm.'" *Murphy*, 2008 WL 8608808, at *2 (collecting cases); *but see Morse v. Servicemaster Glob. Holdings, Inc*., No. C 08-03894, 2013 WL 123610, at *3–4 (N.D. Cal. Jan. 8, 2013) (distinguishing *Alascom* and finding defendants had not demonstrated irreparable injury due to potential litigation-related expenses, which they sought to avoid through arbitration); *Guifu Li v. A Perfect Franchise, Inc*., No. 10-cv-01189-LHK, 2011 WL 2293221, at *4–5 (N.D. Cal. June 8, 2011) (distinguishing *Alascom* based on fact *Alascom* court had found existence of a valid arbitration agreement, whereas *Guifi Li* court had found the opposite). The court follows the reasoning of the court in *Murphy* in finding that litigation costs constitute irreparable harm in the context of an appeal of an order denying a motion to compel arbitration.

An irreparable injury must be more than just a "possibility," *Nken*, 556 U.S. at 434–35 (citation omitted), it must be "the more probable or likely outcome," *Leiva–Perez*, 640 F.3d at 968. This is a higher standard of probability than in the first part of the test; "typically it is easier to anticipate what would happen as a practical matter following the denial of a stay." *Id.* Here, the extent to which expenditures of time and money spent on discovery and motion practice are unnecessary will depend on the Ninth Circuit's resolution of the pending appeal. Estimating

6

the probability of these outcomes is not a calculation this court can reliably perform. *See In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 93 (D.D.C. 2012) ("It is a fool's errand to try to predict what the court of appeals is likely to do . . . ."). For purposes of this motion, however, the court finds defendants have made a sufficient showing of probability of irreparable harm. Accordingly, the court finds this second factor favors a stay.

### 3. Balance of Hardships

"[W]hen a defendant appeals an order refusing to compel arbitration, the general disadvantage to plaintiff caused by delay of proceedings is usually outweighed by the potential injury to defendant from proceeding in district court during pendency of appeal." *Echevarria*, 2019 WL 3207812, at *3 (citation omitted). Potential class members may be harmed in some way by delayed resolution of plaintiff's injunctive relief claim, if defendants are, indeed, repeatedly violating the TCPA and sending unsolicited text messages. However, there is no evidence that plaintiff will suffer any future harm from further unwanted text messages, and any delay to plaintiff's receipt of damages may be offset by appropriate monetary relief. *See Pena*, 2015 WL 5103157, at *6. Furthermore, a stay may be beneficial to both parties, as it will prevent them from litigating discovery disputes that later prove irrelevant or unnecessary.

Plaintiff also argues further delay "risks faded witness memories, document spoliation, and other irretrievable evidence lost." Opp'n to Mot. to Stay at 8. "[A] plaintiff may be able to show prejudice by citing particular witnesses or documents that may be adversely affected by a stay." *Echevarria*, 2019 WL 3207812, at *3 (quoting *Eberle v. Smith*, No. 07-CV-0120 W WMC, 2008 WL 238450, at *3 (S.D. Cal. Jan. 29, 2008)). Here, plaintiff has not identified any particular witnesses or documents that risk being lost if the case is stayed. On this record, "any risk of lost evidence is entirely speculative at this point." *Id.* (quoting *Murphy*, 2008 WL 8608808, at *3). Furthermore, in light of the requirement of preservation, if evidence is lost or destroyed, spoliation may warrant heavy sanctions, even absent bad faith. *See Peschel v. City Of Missoula*, 664 F. Supp. 2d 1137, 1141 (D. Mont. 2009).

For these reasons, the court finds the balance of hardships tips sharply in defendants' favor.

7

####     4.	Public Interest

Finally, the court finds a stay is in the public interest because it will avoid unnecessary litigation and suspend the case while the Ninth Circuit resolves defendants' appeal.  Furthermore, "[t]he policy underlying the FAA is to promote judicial efficiency and economy," *Echevarria.*, 2019 WL 3207812, at *4 (quoting *Zaborowski*, 2013 WL 1832638, at *3), and, in this case, substantial judicial resources would be wasted if the TCPA class action claims were litigated in this court, only for the Ninth Circuit later to determine that these claims should have been resolved  in arbitration.

####     5.	Conclusion

Having weighed the relevant factors and considered the parties' arguments, the court concludes that defendants CPL and LMB have demonstrated their appeal presents serious legal questions, they would suffer irreparable injury absent a stay pending appeal, the balance of hardships tips sharply in defendants' favor and the public interest favors a stay.

### C.	Stay of the Case Against Digital Media

Plaintiff points out that only CPL and LMB appealed the court's order on the motion to compel; the remaining defendant, Digital Media, did not.  Digital Media has joined the other defendants' motion to stay, arguing that "the Ninth Circuit's resolution of LMB and CPL's appeal of this Court's order denying [the] motion to compel arbitration . . . will [] have the same effect on all litigants in this case." Joinder to Mot. to Stay at 2.  Though the arbitration agreement appears to require plaintiff to arbitrate its claims against "parents, affiliates, subsidiaries or related companies" of LMB, Digital Media makes no attempt to show that it fits into any of those categories.  *See id.* at 2; Opp'n to Mot. to Stay at 6 n.1.

Nonetheless, given the inefficiencies and confusion that would accompany a partial stay, the court declines to grant such a stay and adjudicate the case on separate tracks.  *See Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir.1983) (affirming stay of both arbitrable and non-arbitrable claims pending appeal of order compelling arbitration on only arbitrable claims, where claims overlapped significantly); *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) ("A trial court may, with propriety, find it

8

is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings . . . . This rule . . . does not require that the issues in such proceedings are necessarily controlling of the action before the court." (citations omitted)).  The court hopes the Ninth Circuit appeal will "be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1111 (9th Cir. 2005) (quoting *Leyva*, 593 F.2d at 864).  Accordingly, the stay granted to CPL and LMB will also apply to the case against Digital Media.

IV.   CONCLUSION

The court DENIES as MOOT defendants CPL, LMB, and Digital Media's motion to stay the case against them pending the Supreme Court's resolution of *Political Consultants*.

The court GRANTS defendants CPL and LMB's motion and Digital Media's motion for a stay pending the resolution of the appeal to the Ninth Circuit Court of Appeals of the court's order denying the motion to compel arbitration.  The parties SHALL notify the court within 7 days of the Ninth Circuit's decision on appeal.

This result moots plaintiff's motion to compel defendants CPL and LMB to file an answer to plaintiff's complaint; as such, that motion is DENIED.

This order resolves ECF Nos. 53 and 54.

IT IS SO ORDERED.

DATED: July 8, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE